## SHELTON v. SHELTON.

1. The acceptance by a wife of property conveyed to her present use, under articles of separation in the life-time of the husband, cannot be considered as a jointure operating by force of law as a substitute for, and in satisfaction of, her dower, under section 1800 of the general statutes.

2. While property may be given by a husband to his wife in lieu of dower, thus compelling an election by her, no such intention is indicated by a gift made by the husband to his wife during his life-time for her support while living apart from him, as to lands not embraced in the gift.

3. It may be that since the constitution of 1868, and the laws passed thereunder, a married woman may, by covenant, bind herself not to claim dower out of her husband's lands; but to have such effect, the covenant must be entirely free from doubt—clear, positive and express in its terms.

4. No such clear intent appears from the use by a married woman, in articles of separation, of the words "in lieu and in consideration of all claims and demands upon the said M. S. [the husband], or his estate, and I hereby relinquish all further claims upon him for support or otherwise."

5. When a tract of land is subdivided by a will, and devised separately by metes and bounds to three devisees, the widow of testator may demand her dower in one of these subdivided tracts, from the devisee of that tract, without making the other devisees parties.

Before WALLACE, J., Greenville, April, 1883.

The opinion fully states the case. The Circuit decree (omitting its statement of facts, which is repeated in the opinion,) was as follows:

Isabella Shelton now files her complaint in the Probate Court, demanding dower in the lands of which her husband had died seized, and had devised by his last will. Her claim is resisted

by Dyer Shelton, administrator with the will annexed of Marshall Shelton, and by Sacharissa Shelton (Griffith), to whom the lands in which dower is claimed, were devised by metes and bounds. They resist the demand upon the grounds: first, that the agreement and deed of 1874 was a provision for the demandant in the nature of a jointure, and that she is, by that, barred; second, that if the agreement and deed were not in the nature of a jointure, it was an agreement to relinquish her right of dower, and she is barred by it.

Under the statute found in section 1800 of the general statutes, "every married woman having a jointure, shall not claim, or have title to have any dower," &c. Sir Edward Coke defines jointure to be "a competent livelihood of freehold, for the wife, of lands and tenements to take effect in profit or possession presently after the death of the husband for the life of the wife at least." Such a jointure will bar the right of dower, if four requisites are observed in its creation: first, the jointure must take effect immediately on the death of the husband; second, it must be for her life at least, and not *per autre vie*, or for any term of years or other smaller estate; third, it must be made to herself and no other in trust for her; fourth, it must be made, and so in the deed particularly expressed, to be in satisfaction of her whole dower, and not of any particular part of it. 4 *Bl. Com.* *138. It is obvious that the writing in this case does not meet these requirements, and the widow is not barred at law.

It is argued, however, that it is not necessary in equity that the provision for the wife should be stated in express words to be in lieu of dower, if it can be clearly collected from the contents of the instrument that such was the intention, and that in such case the provision would be sustained as an equitable jointure, and held sufficient to bar her dower. It is further insisted that if the papers in this case do not make out a case of equitable jointure, that they make out an agreement upon sufficient consideration upon the part of the wife to relinquish dower.

Both of these latter grounds involve and depend upon the

intention of the parties. If it can be clearly collected from the instrument of writing that it was the intention of parties that dower should be barred or relinquished, and the wife was competent to contract, then she could not recover in this action. The alleged agreement having been made after marriage, would not, before the constitution of 1868, have bound the wife, and she would have had the right, after the death of her husband, to have renounced the provision, and demanded dower as she might elect, but by the constitution of 1868, having been made competent to contract as if she were sole, her post-nuptial contract in relation to dower would bind her as effectually as if made before marriage. Was it the intention of the parties then, to this deed and agreement, that the wife should be barred of or relinquish her dower? For if that was the contract, she is bound by it according to its terms, and cannot now renounce it.

It must be borne in mind that the agreement was made with reference to separation between the parties, and was to, and did, take effect immediately. Marshall Shelton, in his part of the agreement, declares the object and purpose of the gift from him to his wife to be " for her support and use." These words certainly do not signify or indicate a purpose on his part to bar her dower, but to provide for her separate maintenance during her life. Isabella Shelton, in her part of the agreement, binds herself to receive the property to be conveyed " in lieu and in consideration of all claims or demands upon the said Marshall Shelton, or his estate, and hereby relinquish all further claims upon him for support or otherwise." Now, if she had meant to relinquish her right of dower, would she not have said so when she distinctly " relinquished all claims upon him for support or otherwise?" She, as his wife, could claim the comforts of his society and his protection, as well as her rights to be supported. These she renounces as against him, but not one word of that implies a renunciation of her inchoate right of dower. If Marshall Shelton had meant to bar her dower why didn't he say so when he describes in the agreement the objects of the gift. Therefore, I conclude that it cannot be clearly collected from the agreement and deed that it was the intention of the parties to bar or relinquish the right of dower, and unless that intention is distinctly

manifested, the provisions cannot be held to operate as a bar to dower. *Vizard* v. *Longdale*, 3 *Atk.* 8; *Walker* v. *Walker*, 1 *Ves. Sr.* 55; *Lord Dorchester* v. *Effingham, Taml.* 279. Neither can the demandant be estopped by the agreement; for it does not appear that she ever agreed to relinquish dower.

As the demandant does not claim out of the lands in which she has a life-estate, but only out of such as have been specifically devised by metes and bounds to the defendant herein, other heirs of Marshall Shelton are not necessary parties, as they have no interest in the action.

It is therefore ordered and adjudged, that exceptions of demandant to the decree of the Probate Court be sustained, and that the case be remanded for such further steps as may be necessary.

*Mr. J. T. Nix,* for appellant.

*Messrs. Perry & Perry,* contra.

March 18th, 1884.  The opinion of the court was delivered by

MR. JUSTICE McGOWAN.  On June 26th, 1874, Marshall Shelton and his wife, with a view to living separate and apart, entered into an agreement under seal, as follows : " I, Marshall Shelton, of the first part, hereby covenant and agree to give and convey to the said Isabella Shelton for her support and use, the following described property, being her equitable portion of my estate, to wit : One parcel of land, about seventy acres, described in deed of conveyance of this date, for her sole use and benefit during her natural life, with the dwelling thereon.  Also, I further agree to give her one cow and calf, one shoat, one bed and bedding, one ewe and lamb, one chest, one spinning-wheel, and whatever of household articles are her individual property. Also the growing crop upon the land conveyed to her by deed and this agreement.  I, Isabella Shelton, of the second part, hereby agree and bind myself to receive the above-mentioned property in lieu and in consideration of all claims and demands upon the said Marshall Shelton, or his estate, and hereby relin-

ₗquish all further claims upon him for support or otherwise," &c. The deed referred to was executed the same day, giving the said Isabella a life-estate in the said parcel of land with limitation over to their three youngest daughters, Mary Elizabeth, Mahala, and Emily Maria. The said Isabella, leaving her husband, took possession of the property.

In May, 1882, the husband, Marshall, died leaving a will, by which he divided the lands of which he died seized, into three parcels, one of which he gave to his daughter Sacharissa Griffith, one to his daughter Frances Hawkins, and the other he directed to be sold for the payment of debts, &c. Isabella, now a widow, and still retaining possession of the property conveyed to her by the articles of separation and the deed made in conformity thereto (being in amount about one-third of the property of her husband), instituted these proceedings in the Probate Court against Sacharissa Griffith for dower in the lands given to her by her father's will, but she brought no action against the other devisees. Dyer Shelton, administrator with the will annexed of Marshall Shelton, and the said Sacharissa resisted the claim. The Probate judge held that the demandant, Isabella, had not received technical "jointure," so as to be barred of her right of dower, which she had never formally relinquished ; but that her covenant in the articles of separation "was intended to relinquish and bar her right of dower," and ·that, having accepted the property given to her by the articles of separation, she could not retain that, and at the same time make a claim for dower in the remainder of her husband's land given to others, and dismissed the petition.

The demandant, Isabella, appealed to the Circuit Court, and Judge Wallace, sustaining the exceptions, reversed the decree of the Probate judge, and remanded the case for further proceedings in the Probate Court in setting off dower to the demandant. From this judgment the defendants appeal to this court upon the following grounds : " 1. Because it is respectfully submitted, that his Honor erred in holding that the petitioner was not barred or estopped from claiming dower in the lands of which her husband died seized, by the deed of separation executed by her and her husband and the provisions therein contained. 2. Because his Honor, at least, erred in not holding that the said

deed of separation and the said provisions taken in connection with the husband's will, created a .case for election between her claim and dower and the life-estate in the lands conveyed to her. 3. Because his Honor, having held that the petitioner was entitled to dower in the lands of which her husband died seized, and the lands at his death being one tract only, erred in holding that the petitioner could maintain her separate action against the respective devisee, notwithstanding the fact that none of them had gone into possession of their portions, but the entire tract was in the possession and under the control of the administrator with will annexed," &c.

In this case the Circuit decree is so full and clear that very little need be added. The widow's right of dower is one generally regarded by the courts with favor. Chancellor David Johnson, in *Gordon* v. *Stevens,* 2 *Hill Ch.* 47, said: "It is one over which the husband has no control. He can neither dispose of it by contract in his life-time, nor direct the disposition of it after his death by will or otherwise. She can only dispose of it by her own act or voluntary contract." We agree with both the Probate and the Circuit judge, that the acceptance of the property conveyed to the wife, Isabella, under the articles of separation, in the life-time of the husband, cannot be considered as "jointure," operating by force of law as a substitute for and in satisfaction of her dower, under section 1800 of general statutes. See the case of *Gelzer* v. *Gelzer, Bailey Eq.* 388.

While the husband has no right to control the dower of his wife, he has the right to annex to the disposition of his property any conditions he may think proper, which are not illegal. He may, therefore, make a gift to his wife, with the express declaration that it is in lieu and bar of dower in his estate. This raises a case of election. The wife may decline the gift and insist on dower; but if she accepts it, she takes it with the condition of renouncing dower, and it must necessarily so operate. So far as we are informed, there is nothing in the will of the testator which can, as to the widow, raise a case of election. No gift is made to her in the will, with or without conditions. It does not appear that her name is mentioned in it.

It is, however, insisted that the previous conveyance to the

wife was necessarily in lieu and bar of dower, and raised a case of election. The articles of separation do not state that Marshall Shelton made the conveyance in lieu and bar of dower, but " for her support and use." Suppose that the identical words of the covenant of separation had been a part of Shelton's will, even in that case they would not have excluded dower, for the rule is " that the intent to exclude the right to dower by a voluntary gift must be demonstrated by express words, or by clear and manifest implication, and this implication must arise from some provision in the will, inconsistent with the operation of the claim." *Gordon* v. *Stevens, supra.* In the case supposed it would be inconsistent for Mrs. Shelton to make the claim as to the land given her for life, but not as to the other lands of the testator. *Cuningham* v. *Shannon,* 4 *Rich. Eq.* 135; *Wilson* v. *Hayne, Chev. Eq.* 40; *Shaffer* v. *Shaffer,* 16 *S. C.* 625.

But it is further said that, in the articles of separation, the demandant voluntarily covenanted that she would not assert her right of dower to any portion of her husband's estate outside of that conveyed to her. The law has prescribed a particular form by which a married woman must relinquish her right of dower. See *Townsend* v. *Brown,* 16 *S. C.* 92. But since the constitution of 1868, and the laws passed thereunder, giving a married woman the right to contract as if she were a *feme sole,* we suppose that a married woman may so covenant not to claim dower, as to make it binding upon her by way of estoppel. But we would say that the covenant of a married woman, to have that effect in relation to an inchoate right of dower, future and contingent in character, should be entirely free from doubt, clear, positive and express in its terms. The words of Mrs. Shelton's covenant are " in lieu and in consideration of all claims and demands upon the said Marshall Shelton, or his estate, and hereby relinquish all further claims upon him for support or otherwise." It is true these are broad and sweeping terms, but the very peculiar right of dower in the future was not expressly mentioned, and in giving construction to the obligation, it should not be overlooked that the parties were making provision for the wife about to separate from her husband, and the subject naturally uppermost

in their minds was the responsibility of the husband during his life to furnish suitable support and maintenance for his wife.

We do not see why the demandant may not maintain a separate action against one of the devisees without making the others parties. As we understand it, the testator himself made the division of the lands in his will, and gave a particular parcel described by metes and bounds to each one. The will is the title whether the party is in actual possession or not. The demandant has the right not to enforce part of her claim, if she chooses to do so. She may not intend to claim dower in the other parcels. We suppose, however, that she is not asking the dower of the whole lands out of one particular subdivision, but only the dower in that particular parcel belonging to the defendant in the proceeding.

The judgment of this court is that the judgment of the Circuit Court be affirmed.